Thornley v. Shey, 184 Ill. App. 166.

---

# Howard Thornley, Appellant, v. John Shey, Appellee.

1. NUISANCE, § 20*—*when bill to enjoin continuance of a smoke nuisance sufficient on demurrer.* Bill by owner of a farm to enjoin defendant from using soft coal in his kilns for burning brick and tile so as to cause large volumes of dense black smoke, vapor, gases and offensive odors contaminating the air over, in and around complainant's residence, orchard, garden and grape arbor, *held* sufficient on demurrer.

2. NUISANCE, § 21*—*when bill to enjoin a continuing nuisance sufficient to give court of equity jurisdiction.* Where a bill for an injunction alleges that the acts complained of constitute a continuing nuisance and cannot be adequately compensated or established in an action at law and that an injunction is the only remedy to avoid a multiplicity of suits and irreparable damages to the complainant and his property, *held* that a court of equity has jurisdiction without a prior determination of the question by a court of law.

3. INJUNCTION, § 183*—*when bill need not be verified.* Bill for an injunction, which prays for an injunction upon the final hearing and not for a temporary injunction, need not be verified in order to give it a standing in court.

4. INJUNCTION, § 216*—*laches.* Bill to enjoin a continuance of a nuisance, *held* not subject to demurrer on the ground of laches where it appears that complainant was active and persistent in his effort to rid himself thereof almost from the beginning and, having failed by the usual and ordinary means, appealed to the court to secure his legal rights.

Appeal from the Circuit Court of Cass county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded with directions. Opinion filed October 16, 1913.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

NEIGER & GORDLEY, for appellant.

HARDIN W. MASTERS, CHARLES A. GRIDLEY and THOMAS D. MASTERS, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery filed by the appellant to restrain an alleged nuisance said to have been maintained by the appellee. A general demurrer together with special causes for demurrer were filed to the bill, and were, by the court, sustained, and the bill dismissed at the cost of appellant for want of equity.

An appeal has been perfected by the appellant, thus bringing the record of the proceedings before us for review.

The bill, in substance, charges that appellant is the owner of a farm of about two hundred and six acres, situated in Cass county, Illinois, and that he resides thereon with his family; that said farm is improved with a residence, barn and outbuildings, and is bounded on the south by a public highway, and along the said highway is appellant's residence, orchard, vegetable garden and grape arbor; that at the time of the purchase of the said farm by appellant, and for a long space of time prior thereto, the appellee was engaged in the business of manufacturing brick and had his plant located on the south of appellant's residence, across the public highway, a distance of about two hundred and twenty feet, and that at that time the only fuel used by the appellee for burning the brick was wood, and that said business as then conducted managed and used caused no offense whatever to appellant or injury to his property, premises or the health of himself and his family; that in the year 1909 the said appellee removed the brick kilns formerly used in the said business of manufacturing brick and erected in place thereof two large kilns for the purpose of burning brick and tile, and connected therewith

three large smokestacks of the height of twenty feet, and commenced to operate the said plant in the spring of 1910 and continued to operate the same from thenceforth almost day and night, using soft coal in large quantities for fuel in burning the said brick and tile; that because of the use of soft coal, as aforesaid, large volumes of dense black smoke, vapor, gases and offensive odors contaminated the air over, in and around appellant's residence, orchard, garden and grape arbor so as to render the air unhealthy and render the premises unfit for habitation; that said smoke, soot, gas, vapor and offensive odors greatly damaged the fruit in his orchard, the grapes, vegetables and trees of the appellant, and at times the smoke was so dense and the air so charged with smoke, soot, and gases that the residence of appellant was required to be kept closed in order to make it possible to remain therein, insomuch so that the said plant became a nuisance; that during the said time the family of appellant were prevented from using their porches or lawns because of the smoke, soot, gas and noxious odors sent forth by the appellee from the said brick and tile plant, by reason of the use of said soft coal; that appellant repeatedly requested appellee to desist from the use of said soft coal in his said plant, but that appellee failed and refused to so desist and abate the said nuisance. The prayer of the bill is that appellee might be enjoined from using his said brick and tile plant and kilns so as to cause dense black smoke, noxious gases and offensive odors to be emitted from the smokestacks of said plant and to pass out and be carried into, upon and around appellant's said dwelling, garden, orchard and grape arbors, to the damage of his home and premises, etc.

Appellee filed demurrers, general and special, to the said bill, raising the following objections to the sufficiency thereof:

That appellant had been guilty of laches.

That there was no equity in the face of the bill.

That appellant had an adequate remedy at law.

That the bill fails to disclose any foundation upon which a court of equity could act.

The first objection urged to the sufficiency of the bill is that appellant was guilty of laches. From the allegations of the bill we cannot believe appellant's action in the premises could be regarded as laches. The bill states that in the spring of 1910 the appellee began to operate the said kilns by the use of soft coal, which put forth large quantities of smoke, soot, gases and noxious odors, and that the same covered his premises, entered his home, destroyed his crops and made it impossible for him to use his porches or lawns, and rendered his residence almost uninhabitable; that many times during the interval between that date and the filing of the bill herein, appellant requested and demanded of appellee that he desist from the use of soft coal as a fuel in his kilns, and that on all occasions appellee refused so to do and continued and threatened to continue in the use of soft coal, knowing its effect upon the property and comfort and health of appellant and his family.

If these allegations are true, and so far as the question raised by the demurrer is concerned they must be taken as true, instead of being guilty of laches the appellant seems to have been active and persistent in his efforts to rid himself of what he terms a nuisance, almost from the beginning, and having failed by the usual and ordinary means resorted to by men he appealed to the court to secure what he thought to be his legal rights.

It is next urged as ground of objection to the bill that the facts stated therein show appellant had an adequate remedy at law.

The allegations of the bill upon this feature of the case are that the acts of the appellee therein complained of constitute a continuing nuisance and cannot be adequately compensated or established in an action at law, and that injunction is the only remedy to avoid

a multiplicity of suits and irreparable damage to appellant and his property.

Under this state of fact, a court of equity has jurisdiction, without a prior determination of the question by a court at law. *Oehler v. Levy,* 234 Ill. 595.

It is also insisted by appellee that inasmuch as the bill was not verified the court could not grant the relief prayed therein. This bill does not pray for temporary injunction, but does pray for an injunction upon the final hearing of the cause. Appellant was not required to verify his bill in order to give it standing in court. In support of this view innumerable authorities can be cited, but we deem it sufficient to quote from *Shobe v. Luff,* 66 Ill. App. 414, where it is said: "Of course, it is well known to the members of the bar that an injunction may be decreed on the hearing of a case when that is the proper relief, whether the bill is verified by affidavit or not."

We are of the opinion the bill is a good bill and requires answer.

The decree is, for the reason given above, reversed and the cause is remanded with directions to the chancellor to overrule the demurrer and require appellee to answer the bill.

*Reversed and remanded with directions.*